UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STARR INDEMNITY & LIABILITY COMPANY,

          Plaintiff,

    - against -

M/V "SUEZ CANAL BRIDGE", her engines,
boilers, etc. and RIM LOGISTICS, LTD.,

          Defendant.
------------------------------------------------------------X
RIM LOGISTICS, LTD.,

          Third-Party Plaintiff,

    - against -

M/V "SUEZ CANAL BRIDGE", her engines,
boilers, etc., *in rem*, and COSCO CONTAINER
LINES COMPANY LIMITED, *in personam*,

          Third-Party Defendants.
------------------------------------------------------------X

**ECF CASE**

14 Civ. 4779 (KMW)

**ANSWER AND
VERIFIED THIRD-PARTY
COMPLAINT**

      Defendant and Third-Party Plaintiff RIM LOGISTICS, LTD., by its attorneys Nicoletti Hornig & Sweeney, as and for its Answer to the Complaint, alleges upon information and belief as follows:

      1.    Denies the allegations contained in paragraph First of the Complaint, except admits that this is a case of admiralty or maritime jurisdiction and involves an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph Second of the Complaint.

3. Denies the allegations contained in paragraph Third of the Complaint, except admits that RIM logistics, ltd. ("RIM") is an Illinois corporation with an office and place of business at 200 North Gary Avenue, Roselle, Illinois 60172 and was and is engaged in business as a non-vessel-owning/operating common carrier ("NVOCC").

4. Admits the allegations contained in paragraph Fourth of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph Fifth of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph Sixth of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph Seventh of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph Eight of the Complaint, except admits that counsel for Plaintiff demanded the sum of $263,577.41.

## FIRST AFFIRMATIVE DEFENSE

9. If any loss or damage to the goods, as alleged in the Complaint, occurred while they were in the possession and custody of this Defendant, or on board the said vessel, which is denied, and if it is held the loss or damage arose out of or resulted from the condition of the goods when delivered to the vessel, or from inherent defect, quality or vice of the goods, or wastage in bulk or weight, or insufficiency of packing, or by an act or omission of the shippers or owners of the goods, their agents or representatives, this Defendant is not under any liability for such loss or damage.

## SECOND AFFIRMATIVE DEFENSE

10. If any loss or damage to the goods, as alleged in the Complaint, occurred while they were in the possession or custody of this Defendant, or on board the said vessel, which is denied, and if it is held the loss or damage arose or resulted from the act, neglect or default of the Master, pilot, or the servants of the carrier in the navigation or in the management of the vessel, this Defendant is not under any liability for such loss or damage.

## THIRD AFFIRMATIVE DEFENSE

11. If any loss or damage to the goods, as alleged in the Complaint, occurred while they were in the possession or custody of this Defendant, or on board the said vessel, which is denied, and if it is held the loss or damage was due to an act of God, perils, dangers or accidents of the sea or other navigable waters, or latent defect not discoverable by due diligence, this Defendant is not under any liability for such loss or damage.

## FOURTH AFFIRMATIVE DEFENSE

12. If any loss or damage to the goods, as alleged in the Complaint, occurred while they were in this Defendant's possession or custody, or on board the said vessel, which is denied, the loss or damage arose without this Defendant's actual fault or privity and without the fault or neglect of its agents or servants or anyone for whom it is responsible.

## FIFTH AFFIRMATIVE DEFENSE

13. The Plaintiff's claims against this Defendant are barred in whole or in part by the terms and conditions of the contracts of carriage applicable to the shipments at issue, which are incorporated herein by reference, including limitations of liability contained therein.

## SIXTH AFFIRMATIVE DEFENSE

14. The goods which are the subject of this action are subject to the United States Carriage of Goods by Sea Act ("COGSA"), Ch. 229, 49 Stat. 1207 (1936) (formerly codified at 46 U.S.C. § 1300, *et seq.*, now reprinted in note following 46 U.S.C. § 30701) and this Defendant claims the benefit of all rights, immunities, defenses, exonerations and limitations contained therein.

## SEVENTH AFFIRMATIVE DEFENSE

15. The Plaintiff's claims for damages are barred or limited by the failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

16. This Defendant reserves the right to amend its Answer to assert additional affirmative defenses as may become available or apparent during the course of discovery.

## THIRD-PARTY COMPLAINT AGAINST M/V "SUEZ CANAL BRIDGE", her engines, boilers, etc., *in rem*, and COSCO CONTAINER LINES COMPANY LIMITED, *in personam*

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

2. Plaintiff Starr Indemnity & Liability Company has filed a Complaint in this Court against the Defendant and Third-Party Plaintiff RIM, a copy of which is attached hereto as Exhibit A.

3. The Complaint alleges, among other things, that the Plaintiff, as subrogated underwriter, sustained damages with respect to certain described shipments of lighting fixtures that were lost or damaged while being transported on board the M/V "SUEZ CANAL BRIDGE"

4

from China to New York and that the Defendant and Third-Party Plaintiff RIM is liable for said damages.

4.  At all relevant times, Defendant and Third-Party Plaintiff RIM, was and still is an Illinois corporation with an office and place of business at 200 North Gary Avenue, Roselle, Illinois 60172 and was and is engaged in business as a non-vessel-owning/operating common carrier ("NVOCC").

5.  At all relevant times, Third-Party Defendant COSCO container lines company limited ("COSCO") was and is a foreign corporation, or other business entity, with an office and place of business at Ocean Plaza, 158 Fuxingmennel Street, Beijing, China and has a local agent with an office at 100 Lighting Way, Secaucus, New Jersey 07094.

6.  At all relevant times, Third-Party Defendant COSCO conducted business within the State of New York or within the United States within the meaning of Rule 4(k)(2) of the Federal Rules of Civil Procedure and this Court has *in personam* jurisdiction over COSCO in this matter.

7.  At all relevant times, COSCO was and is engaged in business as a common carrier of goods by water for hire and owned, operated, managed, chartered and/or controlled the M/V "SUEZ CANAL BRIDGE" as a common carrier of goods by water for hire.

8.  The M/V "SUEZ CANAL BRIDGE" is now, or during the pendency of this action will be, within this District and within the jurisdiction of this Honorable Court.

### FIRST CAUSE OF ACTION AGAINST
### M/V "SUEZ CANAL BRIDGE" AND COSCO
(Negligence)

9. Defendant and Third-Party Plaintiff RIM repeats and realleges each and every allegation contained in paragraphs 1 through 8 of this Third-Party Complaint as if set forth herein at length.

10. The goods described in Plaintiff's Complaint were loaded on the M/V "SUEZ CANAL BRIDGE" at Yantian, China and accepted by the vessel and the Third-Party Defendant COSCO, as a common carrier of goods by water for hire, for discharge and delivery at the port of New York in the same condition as when loaded on the vessel.

11. At all relevant times, the whole reach of the vessel or slots on the vessel were under COSCO's exclusive control or those of its agents, servants or independent contractors. Therefore, COSCO, *vis-à-vis* RIM, was responsible for the loading, stowing, securing, discharging and delivery of the goods described in the Complaint and responsible for the actions of the vessel owner, stevedores and other independent or sub-contractors with whom it was in privity and for the actions of those whom COSCO engaged to carry out said operations.

12. If the goods were lost or damaged as alleged in the Complaint, said loss or damage was due to the negligence of the Third-Party Defendants, or of those for whom they are responsible.

13. If the goods described in Plaintiff's Complaint were, as alleged, lost or damaged during shipment and if the Defendant and Third-Party Plaintiff RIM is held liable to the Plaintiff for damages as a result of said loss or damage to the goods described in the Complaint, which liability is specifically denied, then the Defendant and Third-Party Plaintiff RIM should be

awarded judgment over against the vessel and COSCO by way of indemnity or contribution, as the proofs shall determine, for the sums that RIM is obliged to pay to the Plaintiff together with the costs and expenses incurred to defend against the Plaintiff's claims, including reasonable attorneys' fees.

**SECOND CAUSE OF ACTION AGAINST**
**M/V "SUEZ CANAL BRIDGE" AND COSCO**
(Breach of Contract)

14. Defendant and Third-Party Plaintiff RIM repeats and realleges each and every allegation contained in paragraphs 1 through 8 and 10 of this Third-Party Complaint as if set forth herein at length.

15. In or about December, 2013, the Defendant and Third-Party Plaintiff RIM was engaged to arrange the transportation of the goods described in the Complaint from China to New York.

16. Thereafter, the Defendant and Third-Party Plaintiff RIM contracted with the Third-Party Defendant COSCO for ocean transport to carry the said goods from China to New York, said contracts of carriage are incorporated herein by reference.

17. The said contracts of carriage were ratified by the Third-Party Defendant M/V "SUEZ CANAL BRIDGE".

18. If the goods were lost or damaged as alleged in the Complaint, said loss or damage occurred while the goods were in the care, custody and control of the Third-Party Defendants and in breach of their contractual obligations.

19. All valid conditions precedent required of the Defendant and Third-Party Plaintiff RIM have been performed and RIM has properly performed all its obligations with respect to the said goods and contracts of carriage.

20. If the goods described in Plaintiff's Complaint were, as alleged, lost or damaged during shipment and if the Defendant and Third-Party Plaintiff RIM is held liable to the Plaintiff for damages as a result of said loss or damage to the goods described in the Complaint, which liability is specifically denied, then the Defendant and Third-Party Plaintiff RIM should be awarded judgment over against the vessel and COSCO by way of indemnity or contribution, as the proofs shall determine, for the sums that RIM is obliged to pay to the Plaintiff together with the costs and expenses incurred to defend against the Plaintiff's claims, including reasonable attorneys' fees.

WHEREFORE, the Defendant and Third-Party Plaintiff RIM prays:

i. That the M/V "SUEZ CANAL BRIDGE" be arrested;

ii. That judgment be granted in favor of the Plaintiff directly against the M/V "SUEZ CANAL BRIDGE", *in rem*, and COSCO container lines company limited, *in personam*, pursuant to Fed. R. Civ. P. 14(c) for the entire amount of any liability that may be judicially determined; alternatively,

iii. That Defendant and Third-Party Plaintiff RIM be granted indemnity from the M/V "SUEZ CANAL BRIDGE", *in rem*, and COSCO container lines company limited, *in personam*, for the entire amount for which RIM may be found liable to Plaintiff; alternatively,

iv. That Defendant and Third-Party Plaintiff RIM be awarded contribution from the M/V "SUEZ CANAL BRIDGE", *in rem*, and COSCO container lines company limited, *in personam*, toward any amount for which RIM may be found liable to Plaintiff; and

v. That Defendant and Third-Party Plaintiff RIM be granted such other and further relief as may be just and proper in the circumstances, including costs and reasonable attorneys' fees and disbursements incurred to defend against Plaintiff's claims in the action in chief.

Dated: New York, New York
July 23, 2014

        NICOLETTI HORNIG & SWEENEY
*Attorneys for Defendant and Third-Party Plaintiff RIM logistics, ltd.*

By:   s/ Richard W. Stone II
      Richard W. Stone II
      Wall Street Plaza
      88 Pine Street, 7th Floor
      New York, New York 10005-1801
      Tel: (212) 220-3830
      E-mail: rstone@nicolettihornig.com
      File No.: 00001130

TO:

Marshall, Dennehey, Warner,
Coleman & Goggin
*Attorneys for Plaintiff*
*Starr Indemnity & Liability Company*
James J. Ruddy, Esq.
Wall Street Plaza
88 Pine Street, 21st Floor
New York, New York 10005-1801
Tel: (212) 376-6400
E-mail: jjruddy@mdwcg.com
File No.: 19261.00706 ECR/JJR

## VERIFICATION

RICHARD W. STONE II, declares:

1. I am a partner in the law firm of Nicoletti Hornig & Sweeney, attorneys for RIM logistics, ltd., the defendant and third-party plaintiff herein.

2. I have read the foregoing Answer and Verified Third-Party Complaint and know the contents thereof, except those matters alleged upon information and belief, and as to those matters I believe them to be true.

3. The source of my information and the grounds for my belief as to all matters are documents in the possession of my firm and information provided by representatives of RIM logistics, ltd. through written communications.

4. The reason this Verification is made by the undersigned and not by RIM logistics, ltd. is because RIM logistics, ltd. is a foreign corporation, no officer of which is presently within this district.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2014.

                                                       s/ Richard W. Stone II

# EXHIBIT A

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
Wall Street Plaza
88 Pine Street 21st Floor
New York, NY 10005
212-376-6400
*Attorneys for Plaintiff* JUDGE WOODS



14 CV - 4779

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

STARR INDEMNITY & LIABILITY COMPANY,

                    Plaintiff,

            -against-

M/V "SUEZ CANAL BRIDGE", her engines, boiler,
etc. and RIM LOGISTICS, LTD.,

                    Defendant.

-------------------------------------------------------------X

14 Civ.

    Plaintiff, by its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, as and for its Complaint herein, alleges, upon information and belief, as follows:

    **First:**    All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

    **Second:**    At and during all the times hereinafter mentioned, plaintiff has and now has the legal status and principal office and place of business stated in Schedule A, hereto annexed and by this reference made a part hereof.

**Third:** At and during all the times hereinafter mentioned, defendant had and now has the legal status and office and place of business stated in Schedule A and was and now is engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel above named as a common carrier of merchandise by water for hire.

**Fourth:** At and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the common carriage of merchandise by water for hire and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**Fifth:** On or about the date at the port of shipment stated in Schedule A, there was shipped by the shipper therein named and delivered to defendant and the said vessel, as common carriers, the shipments described in Schedule A then being in good condition and defendant and the said vessel then and there accepted said shipments so shipped and delivered to them and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the port of destination stated in Schedule A and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in Schedule A.

**Sixth:** Thereafter, the said vessel arrived at the port of destination, where defendants failed to make delivery of the shipments, all in violation of defendants' and the said vessel's obligation and duties as common carriers of merchandise by water for hire.

**Seventh:** Plaintiff was the subrogated underwriter of the shipper, consignee or owner of the shipments described in Schedule A and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested

in the said shipments, as their respective interests may ultimately appear and plaintiff is entitled to maintain this action.

**Eighth:** By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $263,577.41.

**WHEREFORE**, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District, then all its property within this District as shall be described in Schedule A, be attached in the amount of $263,577.41, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff against defendant for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of plaintiff for its damages as aforesaid, with interest, costs and disbursements and that the said vessel may be condemned and sold to pay therefore; and

5. That this Court will grant to plaintiff such other and further relief as may be just and proper.

3

27/1895832.v1

Dated: New York, New York
      June 24, 2014

                              MARSHALL, DENNEHEY, WARNER,
                              COLEMAN & GOGGIN
                              Attorneys for Plaintiff

By: _____
       James J. Ruddy (JR-6693)
       Wall Street Plaza
       88 Pine Street 21st Floor
       New York, NY  10005
       212-376-6400
       File No.:  19261.00706  ECR/JJR

## SCHEDULE A

*Plaintiff's legal status and place of business*

Plaintiff, Starr Indemnity & Liability Company, is a corporation or other business entity duly organized and existing under and by virtue of the laws of one of the States of the United States, with an office and place of business at 399 Park Avenue, New York, New York 10022

*Defendant's legal status and place of business*

Defendant, Rim Logistics, Ltd., is a foreign corporation or other business entity duly organized and existing under and by virtue of the laws of one of the States of the United States, or foreign sovereign, with an office and place of business at 200 N. Gary Avenue, Roselle, Illinois 60172

| | | |
|---|---|---|
| *Name of Vessel* | : | SUEZ CANAL BRIDGE |
| *Ports of Loading* | : | Yantian, China |
| *Port of Discharge* | : | New York |
| *Bills of Lading Numbers* | : | HKG13121028; SZN13121428; ZHS13120165; SZN13121336; SZN13121437; ZHS13120161; SZN13121483 |
| *Dated* | : | December 30, 2013 |
| *Shipment* | : | Lighting fixtures |
| *Shippers* | : | Various |
| *Consignees* | : | Sea Gull Lighting Products, LLC and Murray Feiss Import, LLC |
| *Nature of Claim* | : | Non-delivery and damage |
| *CNA Ref.:* | : | MIA01965 |
| *Amount* | : | $263,577.41 |
| *Our File No.* | : | 19261.00706 ECR/JJR |

27/1895841.v1

## CERTIFICATE OF SERVICE

I, Richard W. Stone II, an attorney duly admitted to practice in the Courts of the State of New York and in this District, hereby certify that on July 23, 2014, I caused a copy of the foregoing ANSWER AND VERIFIED THIRD-PARTY COMPLAINT to be electronically served through the Court's CM/ECF system on the above-noted counsel of record and paper copies were served by mail on anyone not able to receive electronic service.

                                                            s/ Richard W. Stone II